**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, *et al.*, *ex rel.* SEAN KELLY,<br>Plaintiff-Relator,<br>v.<br>MED-LINK STAFFING, INC., *et al.*,<br>Defendants. | Civil Action No.<br>1:19-cv-02613-SDG |

**OPINION AND ORDER**

This case is before the Court on Defendants Encore Telemedicine, LLC and Locum Tenens USA, LLC's (LTUSA) motion to dismiss the first amended complaint [ECF 63]. Plaintiff-Relator Sean Kelly opposes the motion to dismiss and also moves to amend his complaint [ECFs 69, 70]. Because Kelly does not allege that Encore and LTUSA violated the False Claims Act with the particularity required by Fed. R. Civ. P. 9(b), Encore and LTUSA's motion is **GRANTED**, and the first amended complaint is **DISMISSED**. However, Kelly is granted leave to amend his complaint within 30 days of this Order. Kelly's motion to amend is therefore **DENIED as moot**.

## I. BACKGROUND

Kelly brings this *qui tam* action under the False Claims Act (FCA), 31 U.S.C. § 3729, *et seq.*, and state law analogues, alleging that Defendants engaged in a fraudulent scheme to bill the U.S. and 31 state governments for medically

unnecessary DNA tests, prescription compound pain cream, orthopedic braces, and prescription hydroxychloroquine. Defendants are telemedicine companies and laboratories. As relevant here, Defendants Encore and LTUSA are related companies that provide telemedicine services through their website, SpeakWithAnMD.com.[1] Encore operates a team of telemedicine doctors and connects them with Medicare and Medicaid beneficiaries through the website, and LTUSA handles administrative and payroll services for Encore's doctors.[2]

Kelly is a doctor licensed to practice in four states who has worked as a telemedicine doctor with several of the Defendants.[3] Encore and LTUSA offered Kelly a job as a telemedicine doctor in October 2020.[4] During his onboarding process with Encore and LTUSA, Kelly noted that his new employers took only a few hours to verify his credentials, in contrast to the 30–60 day processes he had previously experienced, and his training process consisted of an optional online session and a 12-minute video.[5] Kelly also noted that his onboarding and training materials were exclusively focused on DNA tests, prescription pain cream,

1 ECF 28, ¶ 80.

2 *Id.*

3 *Id.* ¶¶ 6, 7.

4 *Id.* ¶ 83.

5 *Id.*

orthopedic braces, and hydroxychloroquine.[6] Indeed, Kelly alleges that Encore and LTUSA promoted the use of these items and provided pre-populated forms to facilitate their approval.[7] One of those forms was a sample requisition form for DNA tests, which identified Defendant Clarity Diagnostics, LLC.[8]

For his first task, Encore and LTUSA assigned Kelly to call a patient to approve a prescription for hydroxychloroquine.[9] However, Kelly observed that the patient did not have any symptoms of COVID-19, did not test positive for COVID-19, and had no other indications supporting a prescription for hydroxychloroquine.[10] Kelly raised concerns to Encore and LTUSA regarding the prescription, at which point they immediately removed the patient from Kelly's queue and assigned the patient to another doctor, without explanation.[11] According to Kelly, the other doctor "presumably" approved the prescription.[12] Kelly then discontinued his relationship with Encore and LTUSA.[13]

---

6 *Id.*

7 *Id.*

8 *Id.* ¶ 87.

9 *Id.* ¶ 84.

10 *Id.*

11 *Id.*

12 *Id.*

13 *Id.* ¶ 85.

Kelly filed his initial complaint in June 2019 on behalf of the U.S. and 31 state governments.[14] The government parties investigated Kelly's allegations but ultimately declined to intervene.[15] The Court unsealed the since-amended complaint and ordered Kelly to serve Defendants.[16]

Encore and LTUSA filed their motion to dismiss on November 25, 2025.[17] Kelly opposes the motion to dismiss and concurrently filed a motion to amend his complaint, which Encore and LTUSA oppose.[18]

## II. APPLICABLE LEGAL STANDARD

To withstand a motion to dismiss for failure to state a claim, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1289 (11th Cir. 2010) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[C]onclusory allegations, unwarranted deductions of facts[,] or legal conclusions masquerading as facts will not prevent dismissal." *Oxford Asset Mgmt., Ltd. v. Jaharis*, 297 F.3d 1182, 1188 (11th Cir. 2002). A complaint is plausible on its face when a plaintiff pleads facts sufficient for the court to draw the reasonable

---

14 ECF 1.

15 ECF 54.

16 ECF 55.

17 ECF 63.

18 ECFs 69, 70, 71.

inference that the defendant is liable for the conduct alleged. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

At the motion to dismiss stage, "all well-pleaded facts are accepted as true, and the reasonable inferences therefrom are construed in the light most favorable to the plaintiff." *FindWhat Inv. Grp. v. FindWhat.com*, 658 F.3d 1282, 1296 (11th Cir. 2011) (quoting *Garfield v. NDC Health Corp.*, 466 F.3d 1255, 1261 (11th Cir. 2006)). This principle, however, does not apply to legal conclusions. *Iqbal*, 556 U.S. at 678.

## III. DISCUSSION

Encore and LTUSA seek to dismiss Kelly's claims against them on three primary grounds: (1) Kelly does not allege sufficient facts to state his FCA claims with the particularity required by Fed. R. Civ. P. 9(b); (2) after dismissing the FCA claims, the Court should decline to exercise supplemental jurisdiction over Kelly's related state-law claims; and (3) the *qui tam* provision of the FCA permitting Kelly to bring this case is unconstitutional. Kelly opposes the unconstitutionality argument on the merits and seeks leave to amend his complaint to address the remaining arguments. After careful consideration, the Court concludes as follows: Kelly's operative complaint does not allege his FCA claims with the particularity required by Fed. R. Civ. P. 9(b), and so those claims are subject to dismissal; the

Court further declines to exercise supplemental jurisdiction over the related state-law claims. However, because the Court agrees with every circuit court of appeal that the FCA's *qui tam* provision is not unconstitutional, Kelly is granted leave to amend his complaint.

**A. Kelly does not allege his FCA claims with particularity, and so those claims are dismissed.**

Kelly alleges that Encore and LTUSA presented false claims to the government, made false statements that were material to a false claim, and conspired to defraud the government, all in violation of the FCA.

"The FCA imposes liability on any person who 'knowingly presents, or causes to be presented, a false or fraudulent claim for payment or approval; [or] knowingly makes, uses, or causes to be made or used, a false record or statement material to a false or fraudulent claim.'" *United States ex rel. Phalp v. Lincare Holdings, Inc.*, 857 F.3d 1148, 1154 (11th Cir. 2017) (quoting 31 U.S.C. § 3729(a)(1)(A)–(B)) (alteration in original). Claims of the former type ("presentment claims") and those of the latter type ("false statement claims") have the same elements: "the existence of a false claim or statement, the materiality of that false claim or statement, and scienter." *Gose v. Native Am. Servs. Corp.*, 109 F.4th 1297, 1309 (11th Cir. 2024) (quoting *Yates v. Pinellas Hematology & Oncology, P.A.*, 21 F.4th 1288, 1298 (11th Cir. 2021)). The main difference between the two is that "false statement claims do 'not demand proof that the defendant presented or

caused to be presented a false claim to the government or that the defendant's false record or statement itself was ever submitted to the government.'" *Id.* at 1310 n.14 (quoting *Hopper v. Solvay Pharms., Inc.*, 588 F.3d 1318, 1327 (11th Cir. 2009)).

Complaints alleging violations of the FCA are governed by Fed. R. Civ. P. 9(b), which provides that "the circumstances constituting fraud or mistake shall be stated with particularity." *Corsello v. Lincare, Inc.*, 428 F.3d 1008, 1012 (11th Cir. 2005). To satisfy this heightened pleading requirement, "the relator must allege . . . particular facts about the who, what, where, when, and how of fraudulent submissions to the government." *Gose*, 109 F.4th at 1317 (quoting *Urquilla-Diaz v. Kaplan Univ.*, 780 F.3d 1039, 1052 (11th Cir. 2015)) (internal quotation marks omitted).

Here, Kelly has not alleged the existence of a false claim, or Encore and LTUSA's presentment thereof, with the requisite particularity. Kelly makes one allegation regarding a purported false claim involving Encore and LTUSA: He was assigned by them to call a patient to approve a hydroxychloroquine prescription; he raised concerns about the medical necessity of the prescription; and after raising those concerns, they reassigned the patient to another doctor.[19] Based on this, Kelly alleges that the other doctor "presumably approved the medically unnecessary

---

19 ECF 28, ¶ 84.

prescription."[20] But "[s]peculation that false claims 'must have been submitted' is insufficient" under Fed. R. Civ. P. 9(b). *Carrel v. AIDS Healthcare Found., Inc.*, 898 F.3d 1267, 1277 (11th Cir. 2018) (quoting *United States ex rel. Clausen v. Lab'y Corp. of Am.*, 290 F.3d 1301, 1311 (11th Cir. 2002)). The submission of a claim is "the *sine qua non* of a False Claims Act violation," *United States ex rel. 84Partners, LLC v. Nuflo, Inc.*, 79 F.4th 1353, 1360 (11th Cir. 2023) (quoting *Clausen*, 290 F.3d at 1311), and a "false claim is essential not only under § 3729(a)(1)(A), which deals directly with false claims [presentment claims], but also under § 3729(a)(1)(B) and its predecessor, the old § 3729(a)(2), which deal with false records or statements [false statement claims]," *id.* "Standing alone, a fraudulent scheme, no matter how egregious, is not enough; there must be an actual false claim." *Id.* Because Kelly has not alleged with particularity an actual false claim involving Encore and LTUSA, he does not state FCA presentment or false statement claims against them.

Likewise, Kelly fails to allege with particularity that Encore and LTUSA conspired to defraud the government. To state an FCA conspiracy claim, Kelly must show "(1) that the defendant conspired with one or more persons to get a false or fraudulent claim paid by the United States; (2) that one or more of the conspirators performed any act to effect the object of the conspiracy; and (3) that

---

20 *Id.*

the United States suffered damages as a result of the false or fraudulent claim." *Gose*, 109 F.4th at 1319 (quoting *Corsello*, 428 F.3d at 1014).[21] An FCA conspiracy claim must also meet the requirements of Fed. R. Civ. P. 9(b) by "plead[ing] with particularity the conspiracy as well as the overt acts . . . taken in furtherance of the conspiracy." *Id.* (quoting *United States ex rel. Grubbs v. Kanneganti*, 565 F.3d 180, 193 (5th Cir. 2009)).

Kelly's complaint lacks almost any particular facts about Encore and LTUSA's alleged conspiracy or their overt acts in furtherance thereof. Kelly pleads that, during his training and onboarding, he was provided with sample requisition forms for DNA tests identifying Defendant Clarity Diagnostics Labs.[22] Based on this, he alleges that Encore and LTUSA contracted and conspired with Clarity to fraudulently bill the government for medically unnecessary DNA tests. But, as mentioned previously, Kelly's sole allegation regarding Encore and LTUSA relates to a prescription for hydroxycholoroquine, which he did not approve. Kelly's "bare legal conclusion" that Encore, LTUSA, and Clarity Labs conspired to fraudulently bill the government for medically unnecessary DNA tests is

---

21 *Gose* notes that "it is not clear whether damages remain a required element under the new conspiracy provision following the 2009 amendments." 109 F.4th at 1319 (quoting *United States v. HPC Healthcare, Inc.*, 723 F. App'x 783, 791 n.4 (11th Cir. 2018)). Because other elements of the claim are missing, the Court need not reach that element.

22 ECF 28, ¶ 87.

"unsupported by specific allegations of any agreement or overt act," and therefore does not comply with Fed. R. Civ. P. 9(b). *Corsello*, 428 F.3d at 1014.

Accordingly, Kelly's FCA claims are dismissed without prejudice. However, Kelly is granted leave to file an amended complaint consistent with this Order.

**B. The Court declines to exercise supplemental jurisdiction over Kelly's state law claims.**

In addition to his FCA claims, Kelly brings claims under various state law FCA analogues. Because Kelly fails to state his FCA claims, the Court declines to exercise supplemental jurisdiction over these related state law claims.

The Court has original jurisdiction over Kelly's FCA claim pursuant to 28 U.S.C. § 1331. The Court has supplemental jurisdiction over Kelly's state law claims pursuant to 28 U.S.C. § 1367(a), which authorizes the Court to hear state law claims that "arise out of a common nucleus of operative fact" with the federal law claim. *Parker v. Scrap Metal Processors, Inc.*, 468 F.3d 733, 743 (11th Cir. 2006). However, § 1367 "reflects a dichotomy between a district court's power to exercise supplemental jurisdiction, § 1367(a), and its discretion not to exercise such jurisdiction, § 1367(c)." *Id.* at 742. Section 1367(c)(3) gives the Court the discretion to "decline to exercise supplemental jurisdiction over a claim under subsection (a) if . . . the district court has dismissed all claims over which it has original jurisdiction." The Eleventh Circuit has "encouraged district courts to dismiss any

remaining state claims when . . . the federal claims have been dismissed prior to trial." *Raney v. Allstate Ins. Co.*, 370 F.3d 1086, 1089 (11th Cir. 2004) (citing *L.A. Draper & Son v. Wheelabrator-Frye, Inc.*, 735 F.2d 414, 428 (11th Cir. 1984)). That is the case here: Kelly fails to state an FCA claim at the pleadings stage, and therefore the Court should decline to exercise supplemental jurisdiction over the remaining state law claims. Accordingly, Kelly's state law claims are also dismissed without prejudice. However, as stated previously, Kelly is granted leave to file an amended complaint consistent with this Order.

### C. The FCA's *qui tam* provision is not unconstitutional.

Encore and LTUSA also argue that Kelly's FCA claims should be dismissed because the FCA's *qui tam* provision violates the Appointments Clause and the Take Care Clause of Article II of the U.S. Constitution. Encore and LTUSA rely on one case that has adopted their position, *United States ex rel. Zafirov v. Florida Medical Associates, LLC*, 751 F. Supp. 3d 1293 (M.D. Fla. 2024), in addition to several concurring and dissenting opinions from the Supreme Court and Fifth Circuit. At the close of briefing, *Zafirov* was on appeal. Since then, the Eleventh Circuit reversed the district court, holding that "relators are not officers of the United States subject to the Appointments Clause." No. 24-13581, 2026 WL 2581886, at *7 (11th Cir. Sept. 1, 2026). The Eleventh Circuit's decision joined its sister circuits that have addressed the issue. *Id.* at *1 n.2 (citing *Riley v. St. Luke's Episcopal Hosp.*,

252 F.3d 749, 758 (5th Cir. 2001) (en banc); *United States ex rel. Taxpayers Against Fraud v. Gen. Elec. Co.*, 41 F.3d 1032, 1041 (6th Cir. 1994); *United States ex rel. Kelly v. Boeing Co.*, 9 F.3d 743, 757–59 (9th Cir. 1993); *United States ex rel. Stone v. Rockwell Int'l Corp.*, 282 F.3d 787, 804–05 (10th Cir. 2002)).

However, the Eleventh Circuit expressly declined to address the defendants' Take Care Clause arguments because the district court did not address them in the first instance. *Id.* at *7. That said, the Ninth Circuit in *Kelly* held that "the qui tam provisions of the FCA do not 'impermissibly interfere' with the President's exercise of his constitutionally assigned duties" in the Take Care Clause, even where the government declines to intervene, 9 F.3d at 757, and the Fifth Circuit in *Riley* held "[t]hat a private citizen may pursue qui tam litigation under the FCA, whether the government chooses to intervene or does not choose, does not interfere with the President's constitutionally assigned functions under Article II's Take Care Clause," 252 F.3d at 753. The Sixth Circuit in *Taxpayers Against Fraud* agreed with the Ninth Circuit, reasoning in part that "if the government decides against intervening in the relator's case, it may still require the relator to inform it of developments and to forward copies of the claims, the material evidence and information, and copies of depositions taken," and "after turning down the opportunity to intervene, the government may still intervene later upon a showing of good cause," though the government did in fact intervene

in that case. 41 F.3d at 1039, 1041. The Tenth Circuit's decision in *Stone* was limited to instances where the government intervenes, as it did in that case. 282 F.3d at 795, 806.

Taken together, the Court concludes that Kelly's FCA claims are not subject to dismissal on constitutional grounds, and he will be allowed to bring an amended complaint.

## IV. CONCLUSION

Encore and LTUSA's motion to dismiss [ECF 63] is **GRANTED**, and Kelly's first amended complaint is **DISMISSED**. However, Kelly is granted leave to file a second amended complaint within 30 days of this Order. Kelly's motion to amend [ECF 69] is therefore **DENIED as moot**.

The Court further notes that Kelly has not filed proof of service on any Defendant, though Encore and LTUSA state in their motion that they waived service of process. Accordingly, within 30 days of this Order, Kelly is **ORDERED** to file Encore and LTUSA's waivers of service on the docket, and **TO SHOW CAUSE** why his claims against the remaining Defendants should not be dismissed for failure to timely effect service of process under Fed. R. Civ. P. 4(m).

The Clerk is **DIRECTED** to submit this Order to undersigned after 30 days.

**SO ORDERED** this 28th day of September, 2026.

Steven D. Grimberg
United States District Judge